# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, James H. Payne, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (816) 835-6765, subscribed to by an unknown subscriber (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and have been since February 2019. From approximately December 2013 to February 2019, I was a police officer with the Kansas City, Missouri, Police Department, where my assignments included patrol, the Field Training Program, and the Tactical Response Team. I became employed by the ATF in 2019 and am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program, as well as the ATF National Academy Special Agent Basic Training Program. I also hold a bachelor's degree in Criminal Justice and a master's

degree in Emergency Management and Homeland Security. I have participated in specialized training relating to firearms, firearms trafficking investigations, and drug investigations. As a SA with the ATF, I have conducted and/or participated in investigations involving firearms, arson, explosives, and controlled substances. I have written and executed federal search warrants and arrest warrants. I have participated in the execution of numerous search warrants including search warrants relating to the illegal use, possession, and trafficking of firearms, and the illegal use, possession, and distribution of controlled substances. I have conducted and/or participated in investigations resulting in the seizure of contraband, including firearms and narcotics.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(g)(1), possession of a firearm or ammunition by a convicted felon have been committed, are being committed, and/or will be committed by Kurup SEUELL, and others known and as yet unknown. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

**JURISDICTION**

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

7. The United States, including the ATF, is conducting a criminal investigation of Kurup SEUELL regarding possible violations of 18 U.S.C. § 922(g)(1), possession of a firearm or ammunition by a convicted felon.

8. On March 14, 2023, a grand jury in the Western District of Missouri (WDMO) returned an indictment charging SEUELL with one count of violating 18 U.S.C. §§ 922(g)(1). As of the writing of this affidavit, SEUELL has not been arrested on this warrant, and remains at-large.

9. A review of a Facebook profile known to be controlled by SEUELL revealed a post made to the "Story" function of the profile on March 21, 2023, (note that this post was in video format). Your affiant observed SEUELL to be operating an apparent vehicle while in possession of two separate apparent firearms. One of these firearms appears to be a black, semi-automatic handgun equipped with an extended magazine on SEUELL's lap, and the other firearm appears to be a black, AR-type weapon with a tan magazine seated within the magazine well. Additionally your affiant observed a caption stating "I BE SOLO LIKE I'M DEEP 2GUNS N I'M ON FEET". Note the following screenshots were taken by your affiant to document the aforementioned post:

3

Case 4:23-sw-00137-LMC   Document 1-1   Filed 03/27/23   Page 3 of 10







10. On March 20, 2023, your affiant viewed the same Facebook profile as previously described, and viewed a post made to the "Story" function of the profile that included a caption stating "I'm blocked on Facebook hit my jack 8168356765   I can't text back". Your affiant believed this post to be made by SEUELL, and the provided number to be a current phone number for him.

11. Your affiant queried an opensource database readily available to ATF, and determined that the phone number is associated to SEUELL. Additionally, your affiant queried a separate database readily available to ATF and noted that the phone number in question appears to be serviced by AT&T. Based on the foregoing, your affiant believes that the Target Cell Phone is currently active and controlled by SEUELL.

12. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

13. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available.

7

14. Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

16. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510)

or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

17. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The ATF shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the

targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                              Respectfully submitted,

*James Payne*
James H. Payne
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed to and sworn before me via reliable electronic means on **27th** day of March 2023.

**Sworn to by telephone**
**2:14 PM, Mar 27, 2023**

*Lajuana M. Counts*
Honorable Lajuana M. Counts
United States Magistrate Judge
Western District of Missouri



10